# Exhibit "A"



# Notice of Service of Process

**LYN / ALL**
**Transmittal Number: 22798654**
**Date Processed: 02/23/2021**

| | |
|---|---|
| **Primary Contact:** | Megan Dawes<br>USAA Federal Savings Bank<br>10750 W Interstate 10<br>San Antonio, TX 78288-1600 |
| **Electronic copy provided to:** | Deanna Simon<br>Christina Campos<br>Kristie Soria<br>Bank Counsel<br>Caroline Haly<br>Betsy Stucky |
| **Entity:** | USAA Federal Savings Bank<br>Entity ID Number  3692526 |
| **Entity Served:** | USAA Federal Savings Bank |
| **Title of Action:** | Jeffrey Bennett vs. USAA Federal Savings Bank |
| **Matter Name/ID:** | Jeffrey Bennett vs. USAA Federal Savings Bank (10980739) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2021-00005731-CU-NP-CTL |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/22/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Cory M. Teed<br>619-476-0030 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A**

```
1  Jeremy S. Golden (SBN 228007)
2  Cory M. Teed (SBN 299780)
   Golden & Cardona-Loya, LLP
3  3130 Bonita Road, Suite 200B
4  Chula Vista, CA 91910
   cory@goldencardona.com
5  Phone: 619-476-0030; Fax: 775-898-5471
6  Attorney for Plaintiff
```

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
02/08/2021 at 10:37:09 AM
Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO, HALL OF JUSTICE

| | |
|---|---|
| JEFFREY BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 37-2021-00005731-CU-NP-CTL<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

### I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for violations of the California Military Families Financial Relief Act, Civil Code §800 *et seq.* ("CMFFRA") which allows military reservists to defer payments on their mortgage, credit cards, property taxes, car loans and leases; and for violation of the Electronic Fund Transfer Act, 15 U.S.C. 1693 *et seq.* ("EFTA").

### II. PARTIES

2) Plaintiff JEFFREY BENNETT is a natural person residing in the State of California, County of San Diego.

1
COMPLAINT AND DEMAND FOR JURY TRIAL

**EXHIBIT A**

3) Defendant USAA FEDERAL SAVINGS BANK ("USAA") at all times relevant was a federal savings bank doing business in San Diego County, CA operating from an address at 10750 McDermott Freeway, San Antonio, TX 78288.

4) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

5) Plaintiff is a "reservist" as defined by the California Military Families Financial Relief Act, Civil Code §803(a).

6) Plaintiff received "military orders" as defined by the California Military Families Financial Relief Act, Civil Code §803(b).

7) Venue in this District is proper in that the Defendant transacts business here and the Plaintiff resides here.

## III. FACTUAL ALLEGATIONS

8) Plaintiff is a member of the California Army National Guard.

9) Plaintiff has been called to serve on active duty with the Armed Forces of the United States starting October 1, 2020 and his period of service is currently projected to continue until at least September 30, 2021.

10) On October 7, 2020, Plaintiff contacted USAA to obtain information on making a written request for deferral of payment obligations pursuant to CMFFRA and placing a hold on his automatic payments. USAA directed Plaintiff to fill out and submit the deferral

payment forms via its website. USAA further confirmed it would place a hold on his automatic payments.

11) On October 7, 2020, Plaintiff completed and submitted the requested USAA online form requesting a deferment of financial obligations on his two credit card accounts and car loan with USAA.

12) Plaintiff also submitted a copy of his military orders to USAA.

13) Despite Plaintiff's request for deferment and a hold on automatic withdrawals, USAA continued to process automatic withdrawals and debits on his three accounts.

14) USAA continued to process automatic withdrawals and debits on his three accounts from October 2020 through January 2021. USAA no longer had Plaintiff's authority to charge the accounts.

15) USAA failed to properly honor Plaintiff's deferment request and hold on automatic withdrawals.

16) Plaintiff made several disputes requesting USAA to credit the invalid withdrawals back to his accounts. USAA has failed to provide Plaintiff with any type of credit for the invalid withdrawals.

17) As a result of Defendant's conduct, Plaintiff has suffered from frustration and emotional distress.

## IV. FIRST CAUSE OF ACTION

(Against All Defendants for Violation of the EFTA)

18) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

19) Plaintiff is a "consumer" as defined by 15 U.S.C. §1693a(5).

20) USAA initiated fund transfers telephonically or electronically.

21) The transfer was an electronic fund transfer.

22) Plaintiff did not authorize in writing such a transfer, nor did USAA provide a copy of any authorizing writing to Plaintiff, the requirements of the EFTA notwithstanding.

**EXHIBIT A**

23) The transfer was therefore in violation of the EFTA, including but not limited to 15 U.S.C. §1693e.

24) As a proximate result of USAA's violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

25) As a result of USAA's violations of the EFTA, Plaintiff is entitled to actual damages, statutory damages, and reasonable attorneys' fees.

## V.   SECOND CAUSE OF ACTION

### (Against All Defendants for Violation of the CMFFRA)

26) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

27) Plaintiff is a "reservist" as defined by Civil Code §803(a).

28) Plaintiff received "military orders" as defined by Civil Code §803(b).

29) As a reservist, Plaintiff may defer payments on credit cards and vehicle loans pursuant to Civil Code §800(a).

30) Plaintiff made a written request for a deferment of financial obligations and provided a copy of his military orders pursuant to Civil Code §800(a).

31) USAA violated Civil Code §800(a) by failing to properly defer Plaintiff's payments.

32) As a proximate result of USAA's violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

33) As a result of USAA's violations of the CMFFRA, Plaintiff is entitled to actual damages, and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages;
(b) Punitive damages;
(c) Statutory damages;

(d) Costs and reasonable attorney's fees; and

(e) For such other and further relief as the Court may deem just and proper.

Date: 2/8/21

Cory M. Teed
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 2/8/21

Cory M. Teed
Attorney for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego CA 92101-3827<br>BRANCH NAME: Central | |
| Short Title: Bennett vs USAA Federal Savings Bank [IMAGED] | |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2021-00005731-CU-NP-CTL |

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

### Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Cory Teed |
| On Behalf of: | Jeffrey Bennett |
| Transaction Number: | 2932455 |
| Court Received Date: | 02/08/2021 |
| Filed Date: | 02/08/2021 |
| Filed Time: | 10:37 AM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2021-00005731-CU-NP-CTL |
| Case Title: | Bennett vs USAA Federal Savings Bank [IMAGED] |
| Location: | Central |
| Case Type: | Non-PI/PD/WD tort - Other |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

### Comments

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | Date | Time | Location | Department |
|---|---|---|---|---|
| Civil Case Management Conference | 08/13/2021 | 09:45 AM | Central | C-72 |

### Electronic Filing Service Provider Information

Service Provider:   OneLegal
Email:   support@onelegal.com

---

02/08/2021      NOTICE OF CONFIRMATION OF FILING

**EXHIBIT A**

Contact Person: Customer Support
Phone: (800) 938-8815

02/08/2021      **NOTICE OF CONFIRMATION OF FILING**

**EXHIBIT A**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00005731-CU-NP-CTL     CASE TITLE: Bennett vs USAA Federal Savings Bank [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Jeffrey Bennett | |
| DEFENDANT(S): USAA Federal Savings Bank | |
| SHORT TITLE: BENNETT VS USAA FEDERAL SAVINGS BANK [IMAGED] | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2021-00005731-CU-NP-CTL |
|---|---|

Judge: Timothy Taylor                                              Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                 ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

Name of Plaintiff                              Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                    Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/08/2021                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                    Page: 1

**EXHIBIT A**

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Jeremy S. Golden (SBN 228007); Cory M. Teed (SBN 299780)<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200B<br>Chula Vista, CA 91910<br>TELEPHONE NO.: 619-476-0030   FAX NO.: 775-898-5471<br>ATTORNEY FOR (Name): Plaintiff Jeffrey Bennett | | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/08/2021** at 10:37:08 AM<br><br>Clerk of the Superior Court<br>By Megan Dietenhofer, Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | | |
| **CASE NAME:**<br>Jeffrey Bennett v. USAA Federal Savings Bank | | |
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CASE NUMBER:** 37-2021-00005731-CU-NP-CTL<br>**JUDGE:** Judge Timothy Taylor<br>**DEPT:** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   - [ ] Auto (22)
   - [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - [ ] Asbestos (04)
   - [ ] Product liability (24)
   - [ ] Medical malpractice (45)
   - [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - [ ] Business tort/unfair business practice (07)
   - [ ] Civil rights (08)
   - [ ] Defamation (13)
   - [ ] Fraud (16)
   - [ ] Intellectual property (19)
   - [ ] Professional negligence (25)
   - [✓] Other non-PI/PD/WD tort (35)

   **Employment**
   - [ ] Wrongful termination (36)
   - [ ] Other employment (15)

   **Contract**
   - [ ] Breach of contract/warranty (06)
   - [ ] Rule 3.740 collections (09)
   - [ ] Other collections (09)
   - [ ] Insurance coverage (18)
   - [ ] Other contract (37)

   **Real Property**
   - [ ] Eminent domain/Inverse condemnation (14)
   - [ ] Wrongful eviction (33)
   - [ ] Other real property (26)

   **Unlawful Detainer**
   - [ ] Commercial (31)
   - [ ] Residential (32)
   - [ ] Drugs (38)

   **Judicial Review**
   - [ ] Asset forfeiture (05)
   - [ ] Petition re: arbitration award (11)
   - [ ] Writ of mandate (02)
   - [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   - [ ] Antitrust/Trade regulation (03)
   - [ ] Construction defect (10)
   - [ ] Mass tort (40)
   - [ ] Securities litigation (28)
   - [ ] Environmental/Toxic tort (30)
   - [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - [ ] RICO (27)
   - [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   - [ ] Partnership and corporate governance (21)
   - [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 02/08/2021

Cory M. Teed
_(TYPE OR PRINT NAME)_                                           _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**EXHIBIT A**

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto).*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Page 2 of 2

**EXHIBIT A**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7072 | |
| PLAINTIFF(S) / PETITIONER(S):    Jeffrey Bennett | |
| DEFENDANT(S) / RESPONDENT(S):   USAA Federal Savings Bank | |
| BENNETT VS USAA FEDERAL SAVINGS BANK [IMAGED] | |
| **NOTICE OF CASE ASSIGNMENT** and **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2021-00005731-CU-NP-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Timothy Taylor                                              Department: C-72

**COMPLAINT/PETITION FILED:** 02/08/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/13/2021 | 09:45 am | C-72 | Timothy Taylor |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)                                                                                                                Page: 1

**NOTICE OF CASE ASSIGNMENT**

**EXHIBIT A**



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Page: 2

**EXHIBIT A**